

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00273-CV

**CHARLES C. TAYLOR, JR.,**

**Appellant**

 **v.**

**BRADLEY M. LIVINGSTON, ET AL,**

**Appellees**

From the 278th District Court
Walker County, Texas
Trial Court No. 26905

## MEMORANDUM OPINION

On September 11, 2014, this Court received appellant Charles C. Taylor Jr.'s pro se notice of appeal challenging the trial court's April 16, 2014 dismissal of the underlying lawsuit as frivolous. Thereafter, this Court notified appellant that this appeal is subject to dismissal because appellant's notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.1(a), 42.3, 44.3.

Appellant responded to our letter by filing "Oppositions to the State[']s Untimely Notice Finding on Appeal," wherein appellant explained, without citing relevant

authority, that Texas Rules of Appellate Procedure 42.3 and 44.3 do not apply in this case and that he had filed a motion to set aside judgment on April 30, 2014.[1]

Texas Rule of Appellate Procedure 26.1(a) provides that a notice of appeal must be filed within thirty days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

   (1) a motion for new trial;

   (2) a motion to modify the judgment;

   (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

   (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court.

*Id.* at R. 26.1(a).

Here, appellant filed his notice of appeal on September 11, 2014—148 days after the trial court signed its final judgment in this case. Accordingly, appellant's notice of appeal is untimely. *See id.* Because appellant's notice of appeal is untimely, and because we conclude that appellant's response did not provide grounds for continuing the appeal, this appeal is dismissed.[2]

---

[1] Appellant does not adequately explain, and we fail to see, how appellant's April 30, 2014 motion to set aside judgment impacts the appellate timetable in this case, especially considering appellant waited 134 days after he filed his motion to set aside judgment to file his notice of appeal in this Court. *See* TEX. R. APP. P. 26.1(a).

[2] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed October 9, 2014
[CV06]



---

days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. *Id.* at R. 53.7(a).